# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **KEVIN SIMS, SR.**<br>6479 West 29th Street<br>Parma, Ohio 44134<br><br>**And all others similarly situated,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**SPECIALTY DISTRIBUTION GROUP, LLC**<br>c/o CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219<br><br>    **Defendant.** | Case No.<br><br>Judge<br><br>**COMPLAINT**<br><br>(**Jury Demand Endorsed Herein**) |

## INTRODUCTION

1. Plaintiff institutes this "collective action" as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiff and other similarly-situated employees, for all hours worked, including overtime compensation, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Ohio Minimum Fair Wage Standards Act, R.C. § 4111.01, *et seq.*, Article II § 34(a) of the Ohio Constitution ("OMFWSA"), and R.C. § 4113.15.

## JURISDICTION AND VENUE

2. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et seq*.

3. Venue is proper under 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4. At all material times, Plaintiff was a resident of Cuyahoga County, Ohio.

5. At all material times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

6. At all material times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

7. At all material times, Defendant was a Virginia corporation, headquartered in Flordia, and registered to conduct business in Ohio.

8. At all material times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

9. At all material times, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all material times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS

11. Defendant is a for-profit company specializing in the distribution of insulation products throughout the United States and does business under the name, Service Partners, LLC.

12. From June 2023 through September 2024, Defendant employed Plaintiff to work in its manufacturing facility located in Macedonia, Ohio.

13. At all relevant times, Defendant employed similarly-situated employees as non-exempt from the FLSA's compensation requirements.

14. Defendant paid Plaintiff and all similarly-situated employees on an hourly basis.

15. Plaintiff and other similarly-situated employees worked between fifty to fifty-five hours per week.

16. Plaintiff's worked as a fabrication welder, machine operator, material handler, and tow-lift operator, and witnessed other employees working in the same positions.

17. Plaintiff worked the first shift from 7:00 a.m. until 3:30 p.m.

18. Plaintiff usually arrived to work at least fifteen minutes early to prepare for his shift.

19. Plaintiff witnessed other employees arrive for work at the same time to prepare for their shifts.

20. Plaintiff and other similarly situated employees were required to perform certain tasks prior to the start of his shift such as putting on personal protective gear (glasses, gloves, steel toe boots), gathering tools (box cutters, wrenches, pliers), gathering paperwork, set up the work station, and make sure the equipment was working.

21. Plaintiff and similarly-situated employees could not perform their principal activities if they dispensed with the above pre-shift activities which were intrinsic elements of their principal activities.

22. Plaintiff witnessed other employees performing these tasks.

23. These tasks took, on average, at least fifteen minutes.

24. Plaintiff and other similarly-situated employees were required to clock in on a cellular phone app prior to the start of their shifts.

25. However, Plaintiff and other similarly-situated employees were not paid until the start of their shifts.

26. As a result of Defendant's practices and policies, Defendant did not compensate Plaintiff and other similarly situated employees for all compensable time they worked in excess of 40 hours per week at a rate of not less than one and one-half times their regular rate at which they were employed.

**(Failure to Promptly Pay)**

27. More than 30 days have passed since Plaintiff's, and other similarly-situated employees' regularly scheduled paydays for the unpaid work they performed for Defendant.

**(Failure to Keep Accurate Records)**

28. Upon information and belief, Defendant failed to make, keep, and preserve records of the unpaid work Plaintiff and other similarly-situated employees performed.

29. Recording Plaintiff's and other similarly-situated employees' unpaid work was not practically or administratively difficult for Defendant, as Defendant could have precisely recorded this work for payroll purposes by utilizing the times Plaintiff and other similarly-situated employees clocked in and out of work to pay them for work performed before their scheduled start times and after their scheduled stop times.

**(Defendant Willfully Violated the FLSA)**

30. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff brings Count One of this action individually pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

32. The class that Plaintiff seeks to represent and for which Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is a member, is composed of and defined as follows:

> All former and current manufacturing and maintenance employees of Defendant employed in Macedonia, Ohio between April 10, 2022 and the present.

33. Plaintiff is currently unable to state the exact size of the potential class, but upon information and belief, avers that it consists of at least forty persons.

34. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

35. In addition to Plaintiff, numerous current and former employees of Defendant are similarly situated with respect to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on their behalf and her own in bringing this action.

36. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in, pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

**COUNT I**
**(FLSA Violations)**

37. Plaintiff incorporates by reference the foregoing allegations.

38. Defendant's practice and policy of failing to pay Plaintiff and other similarly-situated employees overtime compensation at the rate of one and one-half their regular rates of pay for all of the hours worked over 40 each workweek violated the FLSA, 29 U.S.C. § 201, *et seq*.

39. In addition, Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all hours worked violated the FLSA.

40. Defendant's failure to keep accurate records of the hours Plaintiff and other similarly-situated employees worked each workday and workweek violated the FLSA, 29 C.F.R. § 516.2(a)(7).

41. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

42. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they had not received wages due to them pursuant to the FLSA.

## COUNT II
### (OMFWSA Violations)

43. Plaintiff incorporates by reference the foregoing allegations.

44. Defendants' practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at the rate of one and one-half times the regular rates of pay for the hours worked over 40 each workweek violated the OMFWSA, R.C. §§ 4111.03 and 4111.10.

45. In addition, Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all hours worked violated the OMFWSA, R.C. § 4111.14.

46. Defendant's failure to keep accurate records of the hours Plaintiff and other similarly-situated employees worked each workday and workweek violated the OMFWSA, R.C. §§ 4111.03 and 4111.08.

47. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

48. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that he has not received wages due pursuant to the OMFWSA.

## COUNT III
### (Ohio's Prompt Payment Act, R.C. § 4113.15; Failure to Render Pay by Regular Payday)

49. Plaintiff incorporates by reference the foregoing allegations.

50. During all relevant times, Defendant failed and continue to fail to make wage payments to Plaintiff and other similarly-situated employees, as outlined above, within thirty days of when such payments were due, as required by R.C. § 4113.15.

51. By failing to make these wage payments within thirty days of when such payments were due, Defendants have violated R.C. § 4113.15.

52. As a result of Defendant's violations of R.C. § 4113.15, Plaintiff and other similarly-situated employees are entitled to certain relief, including back wages and liquidated damages for each violation for each pay period.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court find Defendant liable and:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice to all class members that this litigation is pending and that they have the right to "opt in" to this litigation, pursuant to 29 U.S.C.§216(b);

C. Award Plaintiff actual damages for unpaid wages;

D. Award Plaintiff liquidated damages;

E. Award liquidated damages for each untimely paycheck, calculated pursuant to R.C. § 4113.15;

F. Award Plaintiff pre- and post-judgment interest at the statutory rate;

G. Award Plaintiff attorneys' fees, costs, and disbursements; and

H. Grant Plaintiff further and additional relief as this Court deems just and proper.

>Respectfully submitted,
>
>/s/ *Robert B. Kapitan*
>Robert B. Kapitan (0074327)
>Anthony J. Lazzaro (0077962)
>The Lazzaro Law Firm, LLC
>The Heritage Building, Suite 250
>34555 Chagrin Boulevard
>Moreland Hills, Ohio 44022
>Phone: 216-696-5000
>Facsimile: 216-696-7005
>robert@lazzarolawfirm.com
>anthony@lazzarolawfirm.com
>
>Plaintiff's Attorneys

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

>/s/ *Robert B. Kapitan*
>Robert B. Kapitan (0074327)
>
>Attorney for Plaintiff